

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kevin Kemper,            )
                         )
    Plaintiff,           )
                         )
    v.                   )   Civil Action No. 17-2051 (UNA)
                         )
U.S. Department of Voc Rehab, )
                         )
    Defendant.           )
_____  )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Phoenix, Arizona. The complaint is difficult to follow but its gravamen is that staff of the Veterans Administration's Vocational Rehabilitation and Employment program failed to fulfill an alleged promise to "get the Plaintiff a volunteer job which the VA would pay for." Compl. at 4. Claiming that defendant "did none of the services

1

included on their web site," plaintiff "seeks general damages of $1900, the total of three months of volunteering that [he] was available for[,] and . . . punitive damages in the amount of $19,000,000.00." Compl. at 3-4.

Challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *see accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam), citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). Because plaintiff appears at best to be challenging "the VA's action or inaction with respect to a veterans' benefits matter," *i.e.*, subsidized employment, this Court lacks "subject matter jurisdiction over the complaint."[1]

---

[1] Plaintiff alleges that defendant "offered to get [him] a volunteer position with a state or federal agency and put said offering into a contract," but "did not contact any state or federal office to seek a volunteer position for the Plaintiff." Compl. at 3. To the extent that plaintiff presents a breach of contract claim, subject matter jurisdiction still is wanting. The district court has concurrent jurisdiction with the U.S. Court of Federal Claims over such claims "not exceeding $10,000." 28 U.S.C. § 1346(a)(2). However, jurisdiction extends to an express contract or an "implied-in-fact contract," the latter of which "is an agreement . . . founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Citizens Ins. Co. of Am. v. United States*, 102 Fed. Cl. 733, 743 (2011) (citation omitted; ellipsis in original). Thus, "[i]n order to invoke [so-called] Tucker Act jurisdiction based upon an express or implied-in-fact contract, a plaintiff must allege all the requisite elements of a contract with the United States," *i.e.*, offer, acceptance, and consideration. *Id.* (citations omitted). In addition, a plaintiff must show that "the Government representative who entered or ratified the agreement had actual authority to bind the United States." *Id.* Plaintiff has alleged no such facts, and "bald assertions . . . do not permit the court to exercise jurisdiction." *Id.*

2

*Price*, 118 F.3d at 421 (citing 38 U.S.C. § 511(a)). Therefore, this action will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ Hugh Lot
United States District Judge

Date: November 20th, 2017